# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NIGILE R. MONTGOMERY,

      Petitioner,           :      Case No. 3:09-cv-065

                              :      District Judge Thomas M. Rose
  -vs-                                     Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
 Lebanon Correctional Institution,
                              :

      Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted in the Montgomery County Common Pleas Court in two separate cases on five counts of rape, three counts of aggravated burglary, one count of kidnaping, one count of felonious assault and one county of gross sexual imposition. He was sentenced on February 21, 2006, to an aggregate sentence of thirty-two years and three months. On his first appeal, the sentence was vacated pursuant to *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), and remanded for resentencing. *State v. Montgomery*, 2007 Ohio App. LEXIS 389 (Ohio App. 2nd Dist. Feb. 2, 2007). On remand the trial court imposed the same sentence and Petitioner again appealed. The Court of Appeals held as follows:

> [*P10] In his first assignment, Montgomery contends that the trial
> court erred when it sentenced him to non-minimum, consecutive
> prison terms in violation of rights as guaranteed by the Ohio

Constitution, as well as the U.S. Constitution. In particular, Montgomery argues that the sentence imposed by the trial court pursuant to Foster is unconstitutional because it violates the following rights: 1) his rights under the Due Process [**5] or Ex Post Facto Clauses of the U.S. Constitution; 2) his right to a jury trial as protected by the Sixth and Fourteenth Amendment of the U.S. Constitution; 3) separation of powers; and 4) his right to Equal Protection of the Law as set forth in the Fourteenth Amendment to the U.S. Constitution. Lastly, Montgomery asserts that the sentence imposed by the trial court violates the rule of lenity as codified in R.C. § 2901.04(A).

[*P17] In his final assignment, Montgomery contends that he received ineffective assistance of counsel when his counsel failed to object at the re-sentencing hearing to any sentence beyond concurrent, minimum sentences on ex post facto and due process grounds. Montgomery argues that he was prejudiced by counsel's omission when the trial court re-sentenced him to non-minimum, consecutive sentences for an aggregate sentence of thirty-two years and three months.

[*P21] In Montgomery I, we remanded this matter to the trial court for re-sentencing pursuant to the Ohio Supreme Court's decision in Foster. Under the Foster mandate, the trial court was not required to make any findings or discuss on the record the reasoning behind the sentence it chose to impose. The trial court imposed an aggregate sentence of thirty-two years and three months. Pursuant to the holding in Foster and our instructions to the trial court on remand, the court had full discretion to impose any sentence it deemed appropriate within the statutory range for the charged offenses. Thus, Montgomery was not prejudiced by counsel's failure to object to the non-minimum, consecutive sentence on constitutional grounds.

*State v. Montgomery*, 2008 Ohio app. LEXIS 1448 (Ohio App. 2d Dist. Apr. 4, 2008).

The Ohio Supreme Court declined to exercise jurisdiction over an appeal and Petitioner then filed this habeas corpus case, raising the following grounds for relief:

**Ground One:** Petitioner's sentence void under Ohio Constitution,

Art. I, § 10, 5th, 6th, & 14th Amendments to the U.S. Constitution in violation of due process right to notice of charges and opportunity to defend, as well as right to proof beyond a reasonable doubt by jury determination.

**Supporting Facts:** The trial court made judicial fact findings of facts not presented in a charging instrument to enhance Petitioner's sentence beyond the statutory maximum, depriving trial court of jurisdiction. Petitioner had no notice of these charges or any opportunity to defend against these charges, and he was deprived of jury determination of such facts beyond a reasonable doubt, thereby lowering prosecution's burden of proof.

**Ground Two:** Petitioner's rights under the Ex Post facto Clause of U.S. Constitution were violated.

**Supporting Facts:** Petitioner's rights under the Ex Post Facto Clause of the Federal Constitution are violated by the term of incarceration imposed during re-sentencing which exceeded the maximum penalty available under the statutory framework at the time of the offense.

**Ground Three:** Petitioner's rights under Art. I, Sec. 10 of the Ohio Constitution were violated, thereby denying him due process and equal protection of the law.

**Supporting Facts:** In the absence of statutory authority, the trial court lacked jurisdiction to impose consecutive terms of incarceration at the re-sentencing hearing, violating Petitioner's right to due process and equal protection of the law.

**Ground Four:** Petitioner's right to due process and equal protection of the law was violated when the state violated the Rule of Lenity.

**Supporting Facts:** The State violated the Rule of Lenity when it interpreted and severed and excised Ohio Revised Code § 2929.14(B) to increase Petitioner's sentence beyond the penalty originally intended.

>**Ground Five:** Petitioner was denied the effective assistance of counsel at trial and sentencing.
>
>**Supporting Facts:** Petitioner was deprived of the effective assistance of counsel when his trial counsel failed to object to the re-sentencing of Petitioner to a penalty that exceeded the maximum penalty available by law and the sentencing of consecutive sentences, violating Petitioner's 6th Amendment right to counsel.

(Petition, Doc. No. 1.)

## Analysis

All of Petitioner's Grounds for Relief arise out of the Ohio courts' application of *Blakely v. Washington*, 542 U.S. 296 (2004) to Ohio's determinate sentencing law, Senate Bill 2, adopted in 1996. Under S.B. 2 as codified in Chapter 2929 of the Ohio Revised Code, Common Pleas judges were required to justify more than minimum statutory term sentences and consecutive sentences by making certain findings of fact. These findings were to be made by the trial judge, not by the jury, and they were not charged in the indictment, so that a defendant did not have notice of the type required for elements of a crime that he or she would be subject to these enhancements.

This portion of S.B. 2 ran afoul of the *Blakely* decision in which the United States Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. The Ohio Supreme Court recognized that S.B. 2 was inconsistent with *Blakely* and held the offending portions of S.B. 2 unconstitutional in *Foster, supra.*

As a remedy, the Ohio Supreme Court excised those portions of S.B. 2 which required judicial fact finding, thereby authorizing Common Pleas judges to impose any sentence authorized by the criminal statutes without the excised portions. All criminal cases pending on direct appeal when *Foster* was handed down were ordered remanded for resentencing, which is what happened in this case. This remedy has occasioned a number of challenges to the post-*Foster* sentencing regime in Ohio, many of which are included in this Petition. These claims are without merit in federal habeas corpus for the following reasons.

In his first Ground for Relief, Petitioner complains that his sentence is based on judicial fact-finding of the sort prohibited by *Blakely*. While that was true of his sentence as first imposed, it is not true of his sentence after remand. After *Foster*, Ohio Common Pleas judges have complete discretion to sentence within the statutory maximums without making any findings of fact, and that is what happened here. In other words, Petitioner's first sentence was unconstitutional under *Blakely*, but he is no longer serving that initial sentence. Instead, he is serving the sentence imposed on remand which did not require any judicial fact finding.

In his second Ground for Relief, Petitioner complains that the effect of *Foster's* remedy – excision of the requirement for fact finding – violates his rights under the Ex Post Facto Clause of the United States Constitution because it makes him subject to a harsher penalty on remand than he would have been subject to initially, absent the judicial findings of fact. Although Petitioner cites no law with respect to this Ground for Relief, most habeas petitioners making this argument have relied on *Rogers v. Tennessee*, 532 U.S. 45 (2001), and *Bouie v. City of Columbia*, 378 U.S. 347 (1964). In *Rogers* the Tennessee Supreme Court, as an act of common-law lawmaking, (1)abolished the common-law rule that the death of an assault victim within a year and a day after the assault is

a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault. The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights. The Court distinguished its prior decision in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Bouie*, the Court had struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry.

In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)]*, but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (percuriam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington,* 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct.

>993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

*Rogers* and *Bouie* are not favorable to Petitioner's claim. He certainly cannot cogently assert that *Foster* made conduct criminal on his part which was not punishable before *Foster* was decided: all of the offenses of which he was convicted were crimes at common law and are *malum in se* rather than criminal simply because the legislature declared them to be so.

Petitioner's present sentence is not unconstitutional because the *Foster* remedy does not violate the *Ex Post Facto* Clause or the Due Process Clause of the Fourteenth Amendment. First of all, the *Ex Post Facto* Clause is not directly applicable to retroactive court decisions, as the Supreme Court decided in *Rogers*. Rather, the *Foster* severance remedy must be examined under the less stringent due process standards enunciated in *Rogers* and some of the *Bouie* progeny. *Foster* did not criminalize previously guiltless conduct as the South Carolina Supreme Court had done in *Bouie*; Petitioner knew when he acted that it was a violation of Ohio criminal law to rape someone or to burglarize their home. Indeed, Petitioner does not have as strong a due process case as the Petitioner in *Rogers* because *Foster* did not abolish any common-law defense on which he otherwise could have relied. Indeed, that the Ohio Supreme Court would find Senate Bill 2 unconstitutional on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004), and then apply a severance remedy similar to what the United States Supreme Court did in *Booker*, seems eminently foreseeable, especially since *Foster* was decided shortly after *Booker*. Petitioner's second Ground for Relief is without merit.

In his third Ground for Relief, Petitioner argues his sentence violates the Ohio Constitution.

However, federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991). Even if Ground Three were pled under the Federal Constitution, it would not state a claim for relief because the *Blakely* line of cases is not implicated by imposition of consecutive sentences. *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009). No relief can be granted on the third Ground.

In his fourth Ground for Relief, Petitioner argues the Ohio Supreme Court violated the rule of lenity when it allowed full discretion to Common Pleas judges in sentencing after *Foster.* Presumably under the rule of lenity the Ohio Supreme Court would have decided that the General Assembly intended that minimum sentences apply unless the additional fact finding occurred and if the fact finding which had been done by judges was unconstitutional, no resentencing above the minimum should have been allowed. While this position is arguable,[1] it addresses only a question of state law. Nothing in the federal Constitution requires that state courts apply the rule of lenity in interpreting their own statutes.

Finally, in his fifth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel because his trial attorney did not object to the imposition of consecutive sentences and sentences below the statutorily-prescribed minimums. In denying this claim, the state Court of

---

[1] Of course, if this is in fact what the General Assembly intended, they could easily have reenacted S.B. 2 with the fact finding committed to juries. They have not done so.

Appeals found Petitioner was not prejudiced by the omission by his counsel because there was no error to object to in that the trial judge had complete discretion under Foster. In making this determination, the state Court of Appeals applied the same standard this Court applies under *Strickland v. Washington,* 466 U.S. 668 (1984) for testing whether a criminal defendant has received effective assistance of counsel. Because there was no constitutional error in the sentence, there was no ineffective assistance of trial counsel in failing to object and the state court's finding of lack of prejudice was not an objectively unreasonable application of clearly established federal law. Therefore Petitioner is not entitled to relief on his fifth Ground.

The Petition is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and this Court should certify to the Court of Appeals that any appeal would be frivolous and should not be permitted to proceed *in forma pauperis*.

February 19, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).