# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NIGILE R. MONTGOMERY,

:

    Petitioner,

Case No. 3:09-cv-065

:

  -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 6) to the Magistrate Judge's Report and Recommendations (Doc. No. 2) recommending that the Petition herein be dismissed with prejudice. The General Order of Assignment and Reference for Dayton permits the magistrate judges to reconsider reports upon the filing of objections.

All of Petitioner's Grounds for Relief relate to claims that Ohio's sentencing scheme, as adopted in S.B. 2 in 1996 and modified by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), is unconstitutional. The Magistrate Judge concluded that all five Grounds for Relief were without merit and recommended dismissal.

**First Objection:**

Petitioner's first Objection is that the Report and Recommendations does not address the "jurisdictional defects in this case" and does not in fact analyze this Court's own jurisdiction. The

reason that jurisdiction was not addressed in the original Report is that Petitioner raised no questions about jurisdiction. Since Petitioner has now raised them, they will now be addressed.

Petitioner is correct that a federal court must always assure itself that it has subject matter jurisdiction of a matter before proceeding. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

It is surprising that Petitioner would now question the jurisdiction of this Court since he is the one who invoked it by filing his Petition. Nevertheless, the habeas corpus jurisdiction of federal courts is well established and has extended to persons in state custody since the Reconstruction-era Habeas Corpus Act of 1867. The authority to grant the writ is now codified at 28 U.S.C. § 2241.

Petitioner's real challenge is to the jurisdiction of the Montgomery County Common Pleas Court which tried, convicted, and sentenced him for several felony offenses. The Ohio Common Pleas Courts, established by the Ohio Constitution, have general subject matter jurisdiction, including jurisdiction over felony-level criminal offenses. Petitioner notes, however, that the Ohio Supreme Court has long held that an indictment which does not contain all the elements of the charged offense does not confer jurisdiction on the Common Pleas Court in the particular case,

citing *State v. Cimpritz,* 185 Ohio St. 490, 491, 110 N.E.2d 416, 417 (1953), ¶6 of the syllabus.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the United States Supreme Court held that any fact which increases a criminal sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio Supreme Court held *Blakely* renders the Ohio sentencing scheme unconstitutional. Convicted before *Foster* and sentenced to more than minimum concurrent sentences, Petitioner was the beneficiary of *Foster* when his first sentence was vacated and the case remanded for re-sentencing. When he was re-sentenced pursuant to *Foster*, none of the judicial fact finding which was required by S.B. 2 was any longer required. *State v. Montgomery*, 2008 Ohio App. LEXIS 1448 (Ohio App. 2d Dist. Apr. 4, 2008). To the extent he is contending that the required additional facts needed for more than minimum and consecutive sentences were "elements" which should have been pled pursuant to *Cimpritz* and *Blakely*, the Ohio Supreme Court eliminated those "elements" with the *Foster* decision; they were not required by Ohio law at the time the Montgomery County Common Pleas Court exercised jurisdiction to re-sentence Petitioner.

**Second Objection:**

Petitioner's second objection asserts the Magistrate Judge is wrong respecting the ex post facto effect of *Foster, supra.* No additional analysis is needed on this point except to emphasize the distinctions made by the Supreme Court in *Rogers v. Tennessee*, 532 U.S. 45 (2001), between statutory and court-created changes in the law for purposes of ex post facto and due process analysis.

**Third Objection:**

In his third objection, Petitioner asserts that the rule of lenity is "entwined" with due process and therefore, presumably, that this Court can find unconstitutional an interpretation of Ohio law which does not comport with the rule of lenity.

Petitioner cites no authority for constitutionalizing the rule of lenity. In Ohio the rule of lenity is a matter of statute (Ohio Revised Code § 2901.04(A)), in effect a statutory adoption of a common rule of statutory interpretation for criminal statutes. If the Ohio Supreme Court misinterpreted the General Assembly's intentions, either in enacting the criminal code in 1974 or in enacting S.B. 2 in 1996, the legislature has a ready remedy, but it has not acted to change the result in *Foster*.

**Fourth Objection:**

In his fourth objection, Petitioner asserts a double jeopardy claim: when he was not convicted of the sentencing enhancement facts by a jury at his trial (because those facts were not submitted to the jury), he says he was implicitly acquitted of them. The Magistrate Judge agrees that is a plausible way to analyze *Blakely*. Certainly if jury conviction beyond a reasonable doubt were needed to impose the sentence Petitioner is now serving, there would be a double jeopardy bar to re-trying those enhancements. But after *Foster* there is no need to prove those elements to anyone, judge or jury, to authorize a sentence up to the statutory maximum.

**Fifth Objection:**

Petitioner claims his attorneys must have performed deficiently because none of them raised the constitutional claims he now raises in this habeas corpus case. However, since there are no valid constitutional claims, it cannot have been ineffective assistance of counsel to fail to raise them.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and any request to appeal *in forma pauperis* or for a certificate of appealability be denied.

May 18, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).